# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Louis Parkin, Jr., | ) No. 1:07-CV-01869-SMM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| James E. Tilton, et al., | ) |
| Defendants. | ) |

Pending before the Court is Plaintiff's Motion to Extend Discovery Cut-off and Dispositive Motion Deadlines (Doc. 24). Defendants Tilton, Adams, and McGuinness filed a response to the motion (Doc. 26), in which Defendant Greenough joined (Doc. 28). Defendant Neubarth also filed a response (Doc. 27). Plaintiff then filed a reply (Doc. 29), and the matter is now fully briefed. Plaintiff also filed an Ex Parte Application Under Local Rule 5-134(C) to Deem as Timely the Filing of Reply Papers (Doc. 31). While Plaintiff designated the application as "ex parte," Plaintiff's counsel also filed proof of service of the application on opposing counsel (Doc. 31, Ex. 2). Plaintiff's Application will be denied as moot. Although Plaintiff has scheduled a hearing in this matter, the Court finds that the issues presented can be decided without a hearing, and therefore the Court vacates the hearing.

///

///

**BACKGROUND**

On December 24, 2007, Plaintiff James Louis Parkin, Jr., a.k.a. Luci Parkin ("Parkin"), filed a complaint pursuant to 42 U.S.C. § 1983.  On April 10, 2008, Magistrate Judge Austin issued a Discovery and Scheduling Order setting the deadline for filing unenumerated Rule 12(b) motions on June 9, 2008, completion of discovery on December 9, 2008, and filing of dispositive motions on February 9, 2009.  According to Plaintiff, the Court did not consult with the parties prior to issuing its Discovery and Scheduling Order as required by Fed. R. Civ. P. 16(b)(1).  During the discovery stage, the parties dispute what transpired.  Since September 2008, Plaintiff's counsel has discussed with Defendants Tilton, Adams, and McGuinness's counsel the possibility of a settlement conference and/or the Eastern District of California's Voluntary Dispute Resolution Program.  Defendants Greenough and Neubarth are each represented by separate counsel and apparently did not participate in these discussions.  On November 25, 2008, this case was reassigned to this Court for all further proceedings (Doc. 23).

**DISCUSSION**

Under Fed. R. Civ. P. 16(b)(1), except in categories of actions exempted by local rule, the district judge or magistrate judge must issue a scheduling order after receiving the parties' report under Rule 26(f) or after consulting with the parties' attorneys at a scheduling conference or by other means. Fed. R. Civ. P. 16 (b)(1).  Under Eastern District of California Local Rule 16-240(c)(8), actions seeking relief under the Federal Civil Rights Acts by incarcerated persons acting *in propria persona* are excepted from this mandatory scheduling order requirement.  Once a scheduling order is issued, a schedule may only be modified "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

**I.    Discovery Deadline**

Because Plaintiff is represented by counsel and not acting *in propria persona*, the scheduling order should have been issued after a scheduling conference.  However, a court must issue a scheduling order even if no scheduling conference is called, and the order will "control the subsequent course of the action."  See Fed. R. Civ. P. 16 advisory committee's

1   note (1983).  Furthermore, Plaintiff did not attempt to modify the scheduling order until after

2   the discovery deadline had passed.  Although Plaintiff and some of the Defendants have been

3   in the process of discussing settlement, Plaintiff made a strategic choice not to conduct any

4   discovery in order to keep costs down.  The Court does not find that Plaintiff's counsel's

5   very heavy caseload, ease of complacency when there has been no activity in this case,

6   inexperience with prisoner civil rights litigation, and reliance on defense counsel to file a

7   discovery deadline extension are good cause for granting an extension.

8       However, the Court favors decisions on the merits.  Plaintiff alleges, and Defendants

9   do not deny, that "no discovery has yet been conducted by any party in this action" (Doc. 24,

10  p.2).  Therefore, the Court grants Plaintiff's request to extend the discovery deadline.  To

11  further discovery, the Court orders the parties to identify, produce, and exchange all relevant

12  medical records, including medical professionals who examined Plaintiff and/or prescribed

13  medication to Plaintiff, that either side has related to Plaintiff's transgender issues in this

14  claim.

15  **II.   Dispositive Motion Deadline**

16      Plaintiff also requests an extension of the February 9, 2009 dispositive motion

17  deadline.  The Court grants this request and will extend the deadline for <u>all</u> dispositive

18  motions, including unenumerated Rule 12(b) motions.

19      **IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Application Under Local Rule

20  5-134(C) to Deem as Timely the Filing of Reply Papers (Doc. 31) is **DENIED** as moot.

21      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Discovery Cut-off

22  and Dispositive Motion Deadlines (Doc. 24) is **GRANTED**.

23      **IT IS FURTHER ORDERED** that the last day for discovery is March 13, 2009.

24      **IT IS FURTHER ORDERED** that the parties must identify, produce, and exchange

25  all relevant medical records, including medical professionals who examined Plaintiff and/or

26  prescribed medication to Plaintiff, that either side has related to Plaintiff's transgender issues

27  in this claim.

28

1    **IT IS FURTHER ORDERED** that the last day to fill all dispositive motions,

2    including unenumerated Rule 12(b) motions, is May 15, 2009.

3    **IT IS FURTHER ORDERED** that the hearing set for January 12, 2009 at 10:00 a.m.

4    in Courtroom 3 is **VACATED**.

5    **IT IS FURTHER ORDERED** that the parties shall not schedule hearings before the

6    Court, but the parties may request a hearing upon motion.

7    DATED this 7th day of January, 2009.

8

9

10                          Stephen M. McNamee
                            United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28